COOLEY GODWARD KRONISH LLP
GRANT P. FONDO (181530) (gfondo@cooley.com)
JEFFREY T. NORBERG (215087) (jnorberg@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Plaintiff
Inquira, Inc.

WHITE & CASE LLP
JOHN A. STURGEON (33670)
MICHAEL HOUSKE (218830)
633 West Fifth Street Suite 1900
Los Angeles, California 90071-2007
Telephone: (213) 620 7700
Facsimile: (213) 452 2329

JOHN C. ALLEN, P.C.
JOHN C. ALLEN, Admitted Pro Hac Vice
909 Fannin, Suite 1225
Houston, TX 77010
Telephone: (713) 654-7000

Attorneys for Defendant
The Reynolds & Reynolds Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Inquira, Inc., a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>The Reynolds & Reynolds Company, an Ohio Corporation,<br><br>    Defendant. | Case No. C 06-07819 SI<br><br>**STIPULATION FOR FILING OF AMENDED COMPLAINT** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1.

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the parties, by and through their undersigned counsel of record, stipulate and agree that Plaintiff Inquira, Inc. may file a First Amended Complaint, which is attached hereto as Exhibit 1. The Defendant's responsive pleading shall be filed and served 20 days following filing and service of Inquira's First Amended Complaint.

Dated: April 24, 2007    COOLEY GODWARD KRONISH LLP
                         GRANT P. FONDO (181530)
                         JEFFREY T. NORBERG (215087)

                         /s/
                         Jeffrey T. Norberg (215087)
                         Attorneys for Plaintiff
                         Inquira, Inc.

Dated: April 24, 2007    WHITE & CASE LLP
                         JOHN A. STURGEON (33670)
                         MICHAEL HOUSKE (218830)

                         /s/
                         Michael Houske (218830)
                         Attorneys for Defendant
                         The Reynolds & Reynolds Company

Dated: April 24, 2007    LAW OFFICE OF JOHN ALLEN

                         /s/
                         John C. Allen, Admitted Pro Hac Vice
                         Attorneys For Defendant
                         The Reynolds & Reynolds Company

IT IS SO ORDERED
Judge Susan Illston

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

2.

# EXHIBIT 1

```
COOLEY GODWARD KRONISH LLP
GRANT P. FONDO (181530) (gfondo@cooley.com)
JEFFREY T. NORBERG (215087) (jnorberg@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:   (650) 857-0663
```

Attorneys for Plaintiff
Inquira, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Inquira, Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Reynolds & Reynolds Company, an Ohio Corporation,<br><br>Defendant. | Case No. C 06-07819 SI<br><br>**AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

### INTRODUCTION

1. Plaintiff Inquira, Inc. ("Inquira") brings this action against The Reynolds & Reynolds Company ("Reynolds") based on Reynolds' refusal to pay amounts due under software license and consulting agreements between the parties (the "Agreements").

### PARTIES

2. Plaintiff is a Delaware corporation with its main office in San Bruno, California. Plaintiff is a leading provider of software and support services for improving the quality of customer interactions through websites and call centers.

3. Upon information and belief, defendant Reynolds is an Ohio Corporation with its main office in Dayton, Ohio.

**VENUE**

4. Venue is proper in this Court under 28 U.S.C. §1391(a), because a substantial part of the events giving rise to the claim occurred in this District, because the Agreements created an obligation or liability in this District, because the Agreements at issue were to be performed in this District in that payments were to be made to and services performed from this District, and because the alleged breach occurred in this District.

**JURISDICTION**

5. This Court has jurisdiction in this matter under 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

**INTRA DISTRICT ASSIGNMENT**

6. Assignment is proper in this division under Civil L.R. 3-2 (c) and (d), because a substantial part of the events or omissions which give rise to the claims occurred in San Mateo County.

**GENERAL ALLEGATIONS**

7. On October 19, 2006, plaintiff Inquira and defendant Reynolds entered into and executed a Master License Agreement ("MLA"). Attached hereto as Exhibit A is a true and correct copy of the MLA.

8. Under the terms of the MLA, Inquira granted Reynolds a software license and agreed to provide certain services. In exchange, Reynolds agreed and was obligated to pay Inquira $463,750 for a software license fee and $83,475 for support and maintenance. Under Section 5 and Exhibit A of the MLA, Reynolds became irrevocably obligated to pay the license, support and maintenance fees as of the effective date of the MLA, October 19, 2006. Inquira satisfied all of its obligations and duties under the MLA and subsequently issued invoices to Reynolds for payment of these amounts.

9. Concurrent with the MLA, Reynolds and Inquira entered into and executed a Statement Of Work and a Consulting Agreement under which Reynolds agreed to pay Inquira an additional $385,400 for professional services. Attached hereto as Exhibits B and C are true and correct copies of the Statement Of Work and the Consulting Agreement, respectively. Under the

terms of these agreements, Inquira was to provide Reynolds with an invoice for any work performed, and Reynolds agreed to pay the invoiced amounts within 30 days of the invoice date.

10. In October and November Inquira provided professional services to Reynolds pursuant to the terms of the Statement Of Work and Consulting Agreement and satisfied all its obligations under the Statement Of Work and Consulting Agreement.

11. On November 2, 2006 and November 29, 2006 Inquira issued invoices for payment to Reynolds for consulting work done pursuant to the Statement Of Work and Consulting Agreement in the amounts of $37,507.08 and $84,511.78, respectively ("Invoices"). On November 22, 2006, Reynolds requested that Inquira stop work on the consulting project, but not before the services billed for in the Invoices were rendered by Inquira. Inquira complied with this request.

12. Paragraph 8(B) of the Consulting Agreement required Reynolds to provide Inquira with 30 days written notice prior to termination of the agreement, but Reynolds failed to provide 30 days written notice as required, thus causing Inquira damage.

13. In August of 2006, Reynolds announced that it would merge with Universal Computer Systems, Inc. ("UCS"), a Texas company. On information and belief, Reynolds and UCS merged on October 26, 2006.

14. On November 28, 2006, Mark Wiley of Reynolds contacted Martin Savitt of Inquira to let him know that the project, which he acknowledged was initially in the post merger plan, was now out of the plan and that the CEO of the newly merged company did not wish to continue the relationship with Inquira. Mr. Savitt asked Mr. Wiley if his new CEO understood the binding nature of the Agreements, to which Mr. Wiley replied that "he had sat down with the new CEO and that the new CEO understood that the agreements were binding." During that conversation, Mr. Wiley asked Mr. Savitt if Inquira would be willing to walk away from the deal without receiving payment. Mr. Savitt told Mr. Wiley that the terms of the agreements between Inquira and Reynolds were binding, and that Inquira was unwilling to forego the amounts due under the terms of those agreements. Mr. Wiley acknowledged that he understood the binding nature of the agreements and said "I just had to ask."

15. Following the November 28 conversation between Messrs. Savitt and Wiley, Inquira made several requests that Reynolds remit the full amount due under the Agreements between the parties. As of the date of this Complaint, Reynolds continues to refuse to pay the amount due to Inquira pursuant to the Agreements.

**FIRST CAUSE OF ACTION**
**(For Breach Of Contract)**

16. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 15 above as though fully set forth herein.

17. As described in Paragraphs 1 though 15, above, the plaintiff and defendant entered into valid, enforceable contracts on October 19, 2006. The Agreements remained in full force and effect at the time defendant incurred the obligations described herein. Plaintiff has performed, or has been excused from performing, all obligations, covenants and promises required of it under the Agreements.

18. The defendant breached the Agreements by failing to and refusing to pay the amounts due therein.

19. As a result of defendant's breach of contract, plaintiff has been injured in the amount of at least $547,225 under the MLA and in excess of $122,018.86 under the Statement Of Work and Consulting Agreement, plus interest and attorneys fees.

**PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For damages in the amount to be proven at trial plus interest;
2. For cost of suit herein incurred;
3. For attorneys' fees; and;
4. For such other and further relief as the Court deems just and proper.

1 **JURY TRIAL**

2 Plaintiff respectfully requests a jury trial on all issues triable thereby.

3

4 Dated: April 24, 2007           COOLEY GODWARD KRONISH LLP
GRANT P. FONDO (181530)
5           JEFFREY T. NORBERG (215087)

6

7           /s/
          Grant P. Fondo (181530)
8           Attorneys for Plaintiff
          Inquira, Inc.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

5.

AMENDED COMPLAINT